IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF TENNESSEE, AT GREENEVILLE

In re

**SILVER DOLLAR, LLC**
**Debtor**

_____

**DAVID H. JONES, TRUSTEE**
**Appellant,**

Case No: 2:07-cv-25

vs.

**FIRST COMMUNITY BANK**
**EAST TENNESSEE,**
**Appellee**

**and**

_____

**J. MICHAEL NIDIFFER, *ET AL*.**
**Appellants,**

Case No: 2:07-cv-26

vs.

**FIRST COMMUNITY BANK**
**EAST TENNESSEE,**
**Appellee**

## MEMORANDUM OPINION

These matters are before the Court on the appeal of J. Michael Nidiffer, *et al.* (hereinafter collectively referred to as "Nidiffer") and David H. Jones, Trustee (hereinafter "Jones" or "Trustee") of the order of the United States Bankruptcy Court for the Eastern District of Tennessee granting the motion of First Community Bank (hereinafter the "bank") for relief from stay and abandonment of property. This Court has jurisdiction of these appeals pursuant to 28 U.S.C. § 158(a). For the reasons more fully set forth below, this Court affirms the order of the Bankruptcy Court.

**Factual and Procedural Background**

On July 10, 2006, Nidiffer filed an involuntary Chapter 7 Petition against Silver Dollar, LLC (hereinafter the "debtor") in the United States Bankruptcy Court. The petition listed Silver Dollar Stores, LLC as a trade name of the debtor. Jones was appointed Trustee by the Bankruptcy Court.

On November 1, 2006, the bank filed a motion for relief from the stay and abandonment of property. The bank claimed a first lien on a 3.15 acre tract of real property located in Sullivan County, Tennessee. The indebtedness of the debtor, according to the bank, exceeded the value of the property, entitling the bank to abandonment of the property. Both Nidiffer [1] and the trustee objected to the motion.

Silver Dollar, LLC filed articles of incorporation with the Tennessee Secretary of State on January 21, 2003, and filed an assumed name application on January 30, 2003, for the assumed name of Silver Dollar Stores, LLC. On December 17, 2003, the 3.15 acre tract of real property was conveyed by Kingsport Foundry and Manufacturing Company to Silver Dollar Stores, LLC.[2]

The bank relied upon a deed of trust dated September 30, 2004, from Silver Dollar Stores, LLC which secured the payment of several promissory notes from Silver Dollar Stores, LLC to the bank. At the time of the filing of the involuntary petition, the notes were in default. Nidiffer argued in the Bankruptcy Court that the deed of trust securing the indebtedness owed to the bank

---

[1] James Development of Radford, LLC and Five Star Properties, LLC, also creditors of Silver Dollar, LLC, objected to the motion as well. For the Court's purposes in this opinion, the petitioning creditors and the objecting creditors will be treated as one, and referred to as Nidiffer.

[2] The deed did not make reference to the fact that Silver Dollar Stores, LLC was an assumed name of Silver Dollar, LLC.

was void because the underlying conveyance by the December 17 deed was to a grantee (Silver Dollar Stores, LLC) which did not legally exist at the time of the conveyance. Nidiffer argued that the December 17 conveyance was void because the Tennessee Limited Liability Act does not authorize a limited liability company to take title to real estate in an assumed name. Nidiffer also argued that the acknowledgment on the deed of trust was defective.[3] Jones adopted the position of Nidiffer, as he does in this Court.

The Bankruptcy Court held a hearing on the bank's motion on November 28, 2006. Relying on the motion, the objections and the documents submitted in support and opposition to the motion, the Bankruptcy Court upheld the validity of the deed of trust, overruled the objections and granted the bank's motion. This appeal followed. The issues have been fully briefed and the matter is now ripe for disposition.

**Standard of Review**

---

[3] The acknowledgment on the deed of trust is as follows:

> State of Tennessee
> County of Sullivan
>
> Personally appeared before me, the undersigned authority, a Notary Public in and for the County aforesaid, RICHARD PAUL KING, with whom I am personally acquainted or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged himself to be the Managing Member of Silver Dollar Stores, LLC, the within named bargainor, a limited liability company, and that he as such Managing Member, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the limited liability company by himself as Managing Member.
> WITNESS my hand and official seal, this the 30th day of September, 2004.
>
>                 Thomas A. Peters/s
>                 Notary Public
>
> My commission expires:
> 9/15/07/s

The Bankruptcy Court is the trier of fact in bankruptcy cases and the district court is bound by these findings unless they are clearly erroneous. *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993). The Bankruptcy Court's conclusions of law are reviewed *de novo*. *Wesbanco v. Raforth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997). Bankr. R. 8013. This appeal involves only a legal conclusion of the Bankruptcy Court and this Court's review, therefore, is *de novo*.[4]

**Analysis and Discussion**

In the Bankruptcy Court, the Trustee and Nidiffer argued that the deed of trust was defective because it was executed in the debtor's assumed name as opposed to its correct legal name and was, therefore, subject to avoidance by the trustee under its 11 U.S.C. § 544(a) strong arm powers. Alternatively, they argued that the warranty deed to the debtor in its assumed name only conveyed equitable title to the debtor which resulted in only an equitable lien in favor of the bank which was avoidable by the trustee's strong arm powers.

Under § 544(a) of the Bankruptcy Code, the trustee has the right and power, as of the date of the commencement of the bankruptcy case, to avoid any transfer or obligation of the debtor which is avoidable by a judicial lien creditor, a creditor with an execution returned unsatisfied at the commencement of the case, or by a hypothetical *bona fide* purchaser of real property of the debtor.

11 U.S.C. §§ 544(a)(1), (2), & (3); *In re Miller*, 286 B.R. 334, 341-42 (Bankr. E.D. Tenn. 1999).

---

[4] Although appellants have argued throughout their memorandum that certain factual findings of the Bankruptcy Court are incorrect, they do not appear to have appealed any of factual findings of the Bankruptcy Court. In fact, the brief of appellants simply states that "this appeal presents the Bankruptcy Court's interpretation of state law" and makes no suggestion that the appellants challenge any factual findings of the Bankruptcy Court.

Such rights and powers are determined by state law. *In re Tate*, 2000 WL 33912550, *2 (Bankr. E.D. Tenn. 2000). It is undisputed by the parties, therefore, that Tennessee law governs the validity and enforceability of the deed and the deed of trust at issue in this case.

The Bankruptcy Court's holding, stated orally at the end of the motion hearing on November 28, 2006, was as follows:

> According to the objecting parties, as established by the Tennessee Supreme Court in *Wiehl versus Robertson*, found at 97 Tenn. 458, 37 S.W. 274, 1896, a deed to a fictitious person is void. In response, the Bank cites the more recent case of *Lees versus Hickory Pointe Limited Partnership*, an unreported decision found at 1996 West Law 82682 by the Tennessee Court of Appeals dated February 28, 1996, observing that the court therein distinguished a tradename from a fictitious grantee, and held that the use of a tradename is sufficient to convey title.
> The Bank is correct in this regard. As stated by the Court in *Lees*, quoting with approval § 38 from American Jurisprudence Second's, discussion on Deeds, quote,
>
>> "The rule that a deed which names as grantee a non-existent person is void applies only when the named grantee does not, in fact, exist, and not to the situation where a person in existence is described by a fictitious or assumed name. If a living or legal person is identifiable as the grantee named in the deed, the deed is valid. if the grantee is an existing person capable of taking title to real estate and the delivery of the deed is made to him or to someone in his behalf, the title will pass to him, although the name by which he is described in the deed is a fictitious or assumed one. In other words, if a living or legal person is intended as the grantee and identifiable, the deed is valid, however he may be named in the deed. The name is merely a means of identification, and it is sufficient to designate him by his customary name, even though that is not his true name.
>
> *See Lees versus Hickory Pointe* at Page 3.
>
> Applying this principle to the case at hand, there is no

suggestion that Kingsport Foundry and Manufacturing Corporation intended to convey title to the Sullivan County realty to anyone other than the Debtor, or that the assumed name, Silver Dollar Stores, LLC, describes anyone other than the Debtor. As such, the December 17, 2003, deed to the Debtor was not invalid.

The Bank argues, based on the *Lees* case, that because the deed to the Debtor was valid, similarly the Debtor's deed of trust to the Bank was valid and unavoidable by a Trustee with § 544(a) powers. In response, the objecting parties assert that at most the Bank only held an equitable lein. *See In re Zaptocky* 232 B.R. 76 at Page 83, a sixth circuit BAP decision from 1999 where the quoted statement is made,

> Where a grantee has given consideration but legal title was not conveyed because of defects in execution, the grantee obtains an equitable interest in the real property,

end of quote. According to the objecting parties, the rights of equitable lienholders are inferior to the Trustee's strong arm powers which, as a hypothetical *bona fide* purchaser, takes title to real property free of equitable liens, citing *Miller* 286 B.R. at 342.

Tennessee law defines a *bona fide* purchaser as one who buys for valuable consideration without knowledge or notice of facts material to the title. As a hypothetical *bona fide* purchaser, the Trustee, under § 544(a)(3), is deemed to have conducted a title search, paid value for the property, and perfected its interest as a legal titleholder as of the date of the commencement of the case. *See In re Miller* 286 B.R. at 343, quoting *5 Collier on Bankruptcy*, ¶ 544.08. However, the Trustee's right as a *bona fide* purchaser does not override state recording statutes and permit avoidance of any interest of which the Trustee would have constructive notice under state law. See *5 Collier on Bankruptcy*, ¶ 544.08 (15th Ed. Rev. 2006).

In the present case, a hypothetical *bona fide* purchaser conducting a title search of the subject property would have discovered that the Debtor held title in its assumed name, and that the Debtor, through its assumed name, granted the Bank a deed of trust. Thus, a *bona fide* purchaser, having constructive notice of the Bank's interest, would be unable, under Tennessee law, to defeat the Bank's lienhold interest or have a superior claim.

> This principal was illustrated in the case of *In re Fowler* found at 201 B.R. 771, a bankruptcy court decision from this district in 1996, wherein the grantor conveyed to the debtor a deed to certain real property, with the debtor, in return executing a deed of trust. Neither the deed not the deed of trust was recorded at the time of the debtor's bankruptcy filing. The court held that the property was included in the debtor's estate, but that the Trustee was unable to avoid the deed of trust as a hypothetical *bona fide* purchaser under § 544(a)(3) because such a purchaser would be on constructive notice that the debtor did not have record title. *In re Fowler*, at page 778. Although the trustee in *Fowler* was able to avoid the unrecorded deed of trust pursuant to her § 544(a)(1) status as a judicial lien creditor, such status does not aid the Trustee in the instant case because the deed of trust by the Bank was recorded.
>
> In short, because the Bank's deed of trust would not be avoidable under Tennessee law by a judicial lien creditor or a bona fide purchaser, then it is not avoidable by the Chapter 7 Trustee herein. That resolves the legal issue in this case.
>
> The only issue remains [sic] is value, whether or not there is equity in the property. With respect to the legal issue, I will overrule the objecting parties' objections to the motion and grant the motion, but for the factual dispute as to the property's value.

The appellants argue in this Court that the Bankruptcy Court erred in granting the bank's motion for relief from stay and in finding that the deed of trust was valid and not avoidable by the Trustee. More specifically, the appellants argue the Bankruptcy Court misapplied or misunderstood the holding of *Wiehl v. Robertson,* 375 S.W. 274 (1896); that the Bankruptcy Court improperly extended the holding of *Lees v. Hickory Pointe,* 1996 WL 82682 (Tenn. Ct. App.) (Not reported in S.W.2d) to a corporate entity; that there was no evidence in the record below that the parties to the deed intended the grantee to be other than Silver Dollar Stores, LLC; and that the Bankruptcy Court's holding amounted to an impermissible reformation of the deed and deed of trust.

The appellants argue that the Bankruptcy Court failed to properly apply the holding of *Wiehl*. It is the appellants, however, who misstate and misapply the holding of *Wiehl*. In *Wiehl*,

7

defendant Robertson deeded property to a fictitious name and in effect was deeding the property to himself. The Court found that the deed was void, and that title remained with the grantor. The limited holding of the Supreme Court in *Wiehl* was that a deed to a fictitious grantee is inoperative and void. The Court did not extend its rule, as argued by Nidiffer, to the situation where a grantee took title to real estate in its assumed name. In fact, the Court cited with approval Devlin, in his work on Deeds (Vol. 1, § 191) that "a patent issued to a person under an assumed name is not void, and a conveyance by such person under his assumed name will transfer title." *Id.* at 276.

Nidiffer boldly states that "[i]t is undisputed in this record that Silver Dollar Stores, LLC is a fictitious entity, not a legal entity." In fact, nothing in the record suggests that Silver Dollar Stores, LLC is an entity which did not exist; rather, the record is clear that Silver Dollar Stores, LLC is the assumed name under which Silver Dollar, LLC conducted business. Nidiffer apparently argues that, unlike the situation with an individual, a transfer of real estate to a limited liability company in its assumed name is void because the assumed name "is nothing more than a name" and "cannot be deemed the same as the legal entity itself." Even a cursory review of the Tennessee statutes dealing with limited liability companies dispels such a notion. Under the Tennessee statute, a limited liability company "has the same powers as an individual to do all things necessary or convenient to carry out its business and affairs," including power to "[p]urchase, receive, lease, or otherwise acquire, and own, hold, improve, use, and otherwise deal with real or personal property, or any legal or equitable interest in property, wherever located." *T.C.A.* § 48-212-101(3). Furthermore, the Tennessee statute clearly authorizes a limited liability company to "transact business" under an assumed name. *T.C.A.* § 48-207-101(d). The transaction of business clearly includes purchasing and encumbering real estate and Nidiffer has pointed to nothing in the

8

Tennessee statutes which would in any way limit a limited liability company to the acquisition of title to real estate in its true name, rather than in an assumed name. In fact, as set forth above, the statutes suggest just the opposite. Under the clear holding of *Wiehl*, there was no error in the Bankruptcy Court's finding that the deed to Silver Dollar Stores, LLC constituted a valid conveyance.

Likewise, Nidiffer is incorrect in arguing that the Bankruptcy Court disregarded *Wiehl* and instead relied on *Lees*, nor did the Bankruptcy Court improperly extend the holding of *Lees* beyond its specific facts. In *Lees*, Glasgow acquired real estate from a seller who retained a purchase money mortgage. The property was later conveyed by Glasgow to Condor Properties. Condor Properties was a sole proprietorship owned by Glasgow. Condor Properties later conveyed the property to Hayden and Hamm by a deed in lieu of foreclosure. Hayden and Hamm then conveyed the property to Easterly who later conveyed the property to Hickory Pointe. Hickory Pointe then encumbered the property by a deed of trust for the benefit of Nations Bank. It was alleged that the deed to Condor Properties was void because Condor Properties was a fictitious grantee. The Tennessee Court of Appeals found the deed to be valid because Condor Properties was a trade name of a sole proprietor, Glasgow. The Court of Appeals quoted with approval Am. Jur. 2d *Deeds*, § 38 (1983), which states:

> The rule that a deed which names as grantee a non-existent person is void applies *only when the named grantee does not in fact exist, and not to the situation where a person in existence is described by a fictitious* or *assumed name*. If a living or *legal person* is identifiable as the grantee named in the deed, the deed is valid. If the grantee is an existing person, capable of taking title to real estate, and the delivery of the deed is made to him or to someone in his behalf, the title will pass to him although the name by which he is described in the deed is a fictitious or assumed one. In other words, if a living or legal person is intended as the grantee and identifiable,

the deed is valid however he may be named in the deed. The name
is merely a means of identification, and it is sufficient to designate
him by his customary name even though that is not his true name.
(Emphasis added)

*Lees*, 1996 WL 82682 at *3.

Nidiffer argues that *Lees*, therefore, deals with the assumed or trade name of an individual, not the assumed name of an entity such as a limited liability company. This is but a distinction without a difference. The rule stated by the Court of Appeals in *Lees* is not limited to an individual person but applies as well to a legal person such as a corporation or a limited liability company, acting either in its true name or under its assumed name. There is also no conflict between the holding in *Lees* and the holding in *Wiehl*, as argued by Nidiffer. Nor does it make any difference that the language from American Jurisprudence Second *Deeds* § 38 quoted by the Court of Appeals in *Lees* seems "inherently illogical" to Nidiffer. Importantly, the Tennessee Court of Appeals found nothing illogical in the rule stated by American Jurisprudence, and, neither does this Court. There was no error in the Bankruptcy Court's reliance on *Lees*.[5]

There is likewise no merit to Nidiffer's insistence that the Bankruptcy Court reformed the deed and deed of trust by effectively changing the names of the grantee and grantor. The Bankruptcy Court in this case, applying the holdings of the Tennessee courts in *Wiehl* and *Lees*, correctly concluded that the deed and deed of trust were valid and did not in any way vary the terms

---

[5] Although not dealing with a limited liability company, *Walker v. Parrish*, 770 S.W.2d 764 (Tenn. Ct. App. 1989) is also illustrative. Judge Koch, writing for the Court, acknowledged the rule that a corporation may enter into a contract using its assumed name without affecting the validity of the contract "as long as the identity of the corporation could be established." *Id.* at 769 (citing 6 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 2442.1 (rev. perm. ed. 1979); H. Ballentine, *Ballentine on Corporations* § 117 (rev. ed. 1946); 18A Am. Jur. 2d *Corporations* § 284 (1985); 18 C.J.S. *Corporations* § 166 *1939)). As noted by Judge Koch, "no legal significance should be attached to the difference between" the name used by a corporation in its corporate charter and an assumed name used to transact its business. *Id.* The same rationale applies to a limited liability company, also authorized by Tennessee law to use an assumed name to transact business.

of the deeds, nor did the Bankruptcy Court reform the deeds by changing the names of the parties. While Nidiffer takes great exception to the holding of the Bankruptcy Court that "there is no suggestion that Kingsport Foundry and Manufacturing Corporation intended to convey title to anyone other than the debtor, or that the assumed name described, Silver Dollar Stores, LLC, describes any other than the debtor," such finding by the Bankruptcy Court is supported by the record and is not clearly erroneous. Although Nidiffer argues that the finding is "unsupported by any evidence," that is not the case. At the time of the transfer of the property from Kingsport Foundry to Silver Dollar Stores, LLC, it was a matter of public record that Silver Dollar, LLC was transacting business under the assumed name of Silver Dollar Stores, LLC. The application filed by Silver Dollar, LLC to transact business under its assumed name was filed more than ten months before the execution of the deed. This is more than sufficient evidence from which the Bankruptcy Court could conclude that Kingsport Foundry intended Silver Dollar, LLC as the grantee and the grantee is clearly identifiable by its assumed name. This is especially true where the appellants point to no evidence in the record which suggests otherwise.[6]

Appellants also argue that the *Tennessee Limited Liability Company Act*, *T.C.A.* § 48-201-101 *et seq.*, does not authorize a limited liability company to own real property in its assumed name and that the acknowledgment to the deed of trust was defective because it was acknowledged by the managing member of a non-existent legal entity.[7] These arguments were implicitly rejected by the Bankruptcy Court by its holding that the deed and deed of trust were valid conveyances. The suggestion of the appellants that the Bankruptcy Court never addressed these issues is, therefore,

---

[6] See footnote 4.

[7] Nidiffer actually argues that "[a]n assumed name cannot have any officers or members."

somewhat misleading. As set forth above, the Bankruptcy Court, relying on clear precedent from Tennessee's appellate courts, correctly found that the deed and deed of trust at issue in this case were valid conveyances. It was not, therefore, necessary for the Bankruptcy Court to expressly address these last arguments made by the appellants. In any event, for the reasons set forth above, this Court disagrees with the appellants that the Tennessee statute does not authorize a limited liability company to own real estate under an assumed name. Therefore, the acknowledgment to the deed of trust was in no way defective and does not render the deed of trust null and void.

Lastly, and almost as an afterthought, Nidiffer argues that the conclusion of the Bankruptcy Court that the Trustee was unable to avoid the deed of trust as a hypothetical *bona fide* purchaser at the time the debtor commenced the bankruptcy proceeding was error. Although it is federal law which endows the trustee with that status, it is state law that determines the legal effect of that status. *Waldschmidt v. Dennis* (*In re Muller*), 185 B.R. 552, 554 (Bankr. M. D. Tenn. 1995).

Nidiffer argues that no language in either the deed or deed of trust would put one on constructive notice that Silver Dollar Stores, LLC was the assumed name of Silver Dollar, LLC. While acknowledging that the assumed name application was filed in the public record of the Tennessee Secretary of State, he argues that nothing appeared in the records of the Sullivan County Register of Deeds office to reflect that a "title search" would have revealed that fact. Relying on T.C.A. § 66-24-101 and *Blevins v. Johnson County*, 746 S.W.2d 678 (Tenn. 1988), Nidiffer argues that "[c]onstructive notice is only imputed to a purchaser by operation of law by registration of an instrument with the county registrar." Nidiffer, however, misreads both the statute and *Blevins*. Neither stands for the proposition that constructive notice arises <u>only</u> from registration or recordation in the county Register of Deeds office.

The statute provides that registration in the Register of Deeds office constitutes constructive notice of the contents of the instrument to all interested parties but does not state that constructive notice may not arise from the contents of other documents properly filed in the public record.[8] In fact, T.C.A. § 66-24-101 appears to be limited by its express terms to instruments which convey an interest in real estate, including any lien on real estate. In *Blevins*, while clearly holding that recordation does in fact create constructive notice, the Supreme Court also recognized a middle ground between constructive notice and actual notice, known as "inquiry" notice.[9] "Thus, '[w]hatever is sufficient to put a person upon inquiry, is notice of all the facts to which that inquiry will lead, when prosecuted with reasonable diligence and good faith.'" *Id.* at 683 (citing *City Finance Co. v. Perry*, 195 Tenn. 81, 84, 257 S.W.2d 1, 2 (1953).

Nothing in the statute or case law supports the position taken by the appellants that only the recordation of instruments in the Register of Deeds office creates notice to the hypothetical *bona fide* purchaser. This Court agrees with the Bankruptcy Court that "[i]n the present case, a hypothetical *bona fide* purchaser conducting a title search of the subject property would have discovered that the Debtor held title in its assumed name, and that the Debtor, through its assumed name, granted the Bank a deed of trust." Tr. Mot Hrg., Nov. 28, 2006 at p. 19. One completing a

---

[8] T.C.A. § 66-24-101(e)(2) provides:
If the instrument conveys any interest in real property, including any lien on the property, no purchaser shall be required to accept delivery of the instrument. If, however, an instrument not so acknowledged or proved is otherwise validly registered, the instrument shall be deemed to be validly registered for the purposes of §§ 66-26-102 and 66-26-103, and in full compliance with all statutory requirements set forth in § 66-22-101, and all interested parties shall be on constructive notice of the contents of the instrument.

[9] Actually, the Supreme Court refers to "inquiry" notice as a variant of actual notice. *Blevins*, 764 S.W.2d at 683.

title search of the property at issue in this case would have discovered from the recorded instruments that the grantee in the deed and the grantor in the deed of trust was Silver Dollar Stores, LLC.

One with even a rudimentary understanding of title law would have then inquired further by examining the public records of the Secretary of State to determine the status of the limited liability company and would have easily discovered the assumed name application. Any lawyer with knowledge of title searches would not confine his title search to only the records recorded in the Register of Deeds office. For instance, it is quite common for a title attorney to check the tax records of the county trustee or, in the case of a corporation, the Tennessee Department of Revenue. Such attorney would also be aware that both the Tennessee corporation law and the law pertaining to limited liability companies permits the use of assumed names and it is not uncommon for such an entity to conduct business under an assumed name. Put simply, a title search would, at the very least, have put the attorney on notice to review the public records of the Secretary of State and such inquiry would inevitably have led to the discovery that Silver Dollar Stores, LLC was an assumed name of Silver Dollar, LLC, the Debtor. The Bankruptcy Court decision was not in error and a *bona fide* purchaser would be unable, under Tennessee law, to defeat the Bank's lienhold interest to the subject real property.

**Conclusion**

For the reasons set forth above, there is no error in the holding of the Bankruptcy Court in this matter and the Bankruptcy Court properly granted the motion for relief from the stay, correctly applying Tennessee law. Accordingly, the Court will affirm the Bankruptcy Court's ruling in all respects.

An order will enter.

ENTER:

                                                <u>s/J. RONNIE GREER</u>
                                          UNITED STATES DISTRICT JUDGE